ReedSmith
Driving progress through partnership

**John B. Berringer**
Direct Phone: +1 212 205 6010
Email: jberringer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

Defendants the London Market Insurers are directed to respond to the arguments in Plaintiff's letter, Doc. 7, by Wednesday, January 13, 2021.

It is SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated: 1/11/2021
New York, New York

January 8, 2021

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 619
New York, NY 10007

**RE:** The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Company, *et al.* (In re The Roman Catholic Diocese of Rockville Centre, New York); Case 1:21-cv-00071-ER

Dear Judge Ramos:

This firm represents debtor/plaintiff The Roman Catholic Diocese of Rockville Centre, New York ("Plaintiff") in the above-referenced matter. Please accept this letter motion for an Order, pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, transferring this matter to The Hon. Valerie Caproni who is presiding over a related matter assigned Case No. 1:20-cv-11011-VEC.

On October 1, 2020, Plaintiff commenced an adversary proceeding by filing a complaint in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") docketed as Adv. Pro. No. 20-01227-SCC (the "Adversary Proceeding"), naming multiple insurance companies including, among others, defendant Arrowood Indemnity Company ("Arrowood") and a group of defendant insurance companies identifying themselves as the London Market Insurers ("LMI"). The Complaint seeks as against all defendant insurance companies a declaratory judgment related to certain insurance policies and asserting breach of contract claims.

On December 28, 2020, Arrowood filed in the Bankruptcy Court its *Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1* (the "Arrowood Motion"). The Arrowood Motion was subsequently transmitted to the District Court by the Clerk of the Bankruptcy Court and has been assigned to Judge Caproni as Case 1:20-cv-11011-VEC. Also on December 28, 2020, LMI filed in the Bankruptcy Court their *Motion for Withdrawal of the Reference* (the "LMI Motion" and, together with the Arrowood Motion, the "Motions"). The LMI Motion was subsequently transmitted to the District Court by the Clerk of the Bankruptcy Court and, on January 6, 2021, was initially assigned to Judge Caproni as related to Case 1:20-cv-11011-VEC. On January 7, 2021, the LMI Motion was "Declined as Not Related" and "returned to the wheel for assignment" whereupon it was assigned to Your Honor.



Plaintiff submits that the Motions are undeniably related as they both are brought by defendant insurance companies to the same adversary proceeding seeking to withdraw the reference to the Bankruptcy Court.

Rule 13(a) provides in pertinent part:

> (1) General Rule. Subject to the limitations set forth below[1], a … motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. … . Motions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding.

Review of the dockets in this Court and the Bankruptcy Court reveals that LMI did not indicate on form JSC44C (Civil Cover Sheet) that this matter was related to Case 1:20-cv-11011-VEC, the matter before Judge Caproni. There also does not appear to be a Related Case Statement on file, which may have been the basis for the action going back into the wheel for assignment. Nonetheless, the Motions both seek to withdraw the entirety of the Adversary Proceeding and are therefore, pursuant to Rule 13(a)(1), deemed related. Having these Motions heard by two different judges will not only be an inefficient use of the Courts' time and resources and unnecessarily burden the parties, most importantly, it will create a risk of inconsistent rulings concerning identical claims arising out of a single adversary proceeding. The latter could result in a scenario whereby Plaintiff is required to prosecute the Adversary Proceeding in two separate venues (Bankruptcy Court and District Court) or before two separate judges in the District Court. None of these scenarios is in the interest of justice and efficiency, and all interests would be best served if the matters proceeded before a single court.

For the foregoing reasons, it is respectfully requested that Case No. 1:21-cv-00071-ER be transferred to Judge Caproni to be heard together with the related Case No. 1:20-cv-11011-VEC.

Respectfully submitted,

*/s/ John Berringer*

John Berringer

cc: (via email to parties on Schedule 1)

---

[1] Plaintiff notes that such a limitation is set forth at Rule 13(a)(2)(D), which provides that "[b]ankruptcy appeals and motions to withdraw the reference are not treated as related merely because they arise from the same bankruptcy proceeding." Here, the Motions do not merely arise from the same bankruptcy proceeding, but are brought by defendants to the same adversary proceeding.





SCHEDULE 1

Kevin T. Coughlin, Esq. (KCoughlin@coughlinduffy.com)
Adam M. Smith, Esq. (ASmith@coughlinduffy.com)
Karen H. Moriarty, Esq. (KMoriarty@coughlinduffy.com)
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)
*Counsel for Arrowood Indemnity Company*

Catalina J. Sugayan, Esq. (catalina.sugayan@clydeco.us)
Robert A. Meyers, Esq. (Bob.Meyers@clydeco.us)
James J. Moffitt, Esq. (James.Moffitt@clydeco.us)
Russell W. Roten, Esq. (rwroten@duanemorris.com)
Jeff D. Kahane, Esq. (jkahane@duanemorris.com)
Andrew E. Mina, Esq. (amina@duanemorris.com)
*Counsel for London Market Insurers*

Peter P. McNamara, Esq. (peter.mcnamara@rivkin.com)
Charles E. Jones, Esq. (Charles.Jones@lawmoss.com)
*Counsel for Fireman's Fund Insurance Company,*
*Interstate Fire & Casualty Company and National Surety Corporation*

Margaret Catalano, Esq. (jillian.dennehy@kennedyslaw.com)
Jillian G. Dennehy, Esq. (meg.catalano@kennedyslaw.com )
George R. Calhoun, Esq. (george@ifrahlaw.com)
*Counsel for Evanston Insurance Company, as successor*
*by merger to Associated International Insurance Company*

Timothy W. Burns, Esq. (tburns@bbblawllp.com)
Jesse J. Bair, Esq. (jbair@bbblawllp.com)
*Special Insurance Counsel for the Official*
*Committee of Unsecured Creditors of The Roman Catholic*
*Diocese of Rockville Centre, New York*

James I. Stang, Esq. (jstang@pszjlaw.com)
Ilan D. Scharf, Esq. (ischarf@pszjlaw.com)
Karen B. Dine, Esq. (kdine@pszjlaw.com)
Brittany M. Michael, Esq. (bmichael@pszjlaw.com)
*Counsel for the Official Committee of Unsecured*
*Creditors of The Roman Catholic Diocese of*
*Rockville Centre, New York*