**Kennedys**

September 20, 2021

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge
New Jersey 07920
USA

T +1 908.848.6300
F +1 908.848.6310

www.kennedyslaw.com

DirectDial 908.605.2974

Jillian.Dennehy@kennedyslaw.com

<u>Via ECF</u>
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re: <u>Roman Catholic Diocese of Rockville Centre, New York v. Certain Underwriters at Lloyds, London & Certain London Market Companies</u>
Case No.: 21-cv-71 (JPC)

Dear Judge Cronan:

     We represent Evanston Insurance Company, as successor by merger to Associated International Insurance Company ("Associated International"), with respect to the above-captioned matter. We write in connection with the Court's Opinion and Order in response to LMI's[1] Motion to Withdraw the Reference (the "Motion") relating to a pending adversary proceeding (the "Adversary Proceeding") asserted against it and various other insurers by the Roman Catholic Diocese of Rockville Centre, New York (the "Diocese"). Associated International respectfully requests that the Court consider its previously-filed joinder to the Motion (the "Joinder") and grant the withdrawal of the reference with respect to the Diocese's claims against it in the Adversary Proceeding for the same reasons set forth in its Opinion and Order.

     By way of the Adversary Proceeding, the Diocese seeks coverage under only one policy issued by Associated International. That policy was in effect from October 1, 1977 to October 1, 1978 (the "Policy"), and it is excess to a policy issued by Midland Insurance Company ("Midland"). Of particular importance, the Midland policy, over which the Associated International Policy sits, is directly excess to a policy issued by LMI. Additionally, it appears that LMI may have issued policies to the Diocese in excess of the Associated International Policy's limits. In other words, Associated International's Policy is part of a coverage tower in which LMI policies are on the risk both below its applicable limits and above its applicable limits.

---

[1] The Court notes that LMI is a collective reference to Certain Underwriters at Lloyd's, London subscribing various policies, Ancon Insurance Co. (UK) Ltd., Assicurazioni Generali T.S., Dominion Insurance Co. Ltd., Excess Insurance Co. Ltd., London & Edinburgh General Insurance Co. Ltd., St. Katherine Insurance Co. Ltd., Terra Nova Insurance Co. Ltd., Turegum Insurance Co. Ltd., Unionamerica Insurance Co. Ltd., and Yasuda Fire & Marine (UK) Ltd.

Kennedys is a trading name of Kennedys CMK LLP. Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:* Argentina, Australia, Belgium, Bermuda, Brazil, Chile, China, Colombia, Denmark, Dominican Republic, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

Associated International timely filed its Joinder to LMI's Motion to Withdraw on December 29, 2020, the same date that it filed its Answer to the Adversary Proceeding Complaint. Associated International incorporated the arguments made by LMI in that Joinder because the reasons to justify withdrawal of the reference as to LMI apply equally to Associated International. Not only does the Diocese assert the same claims against both LMI and Associated International, but whether, and to what effect, Associated International may afford coverage to the Diocese for the underlying matters will be based in large part on the application of the LMI policies to the alleged injuries, if any. Similarly, LMI's coverage in excess of the Associated International Policy will be based on the application of the Associated International Policy, if any.

As noted in this Court's Opinion and Order with respect to the claims asserted against LMI, the Diocese's claims as to Associated International are non-core, and the bankruptcy court would not have final adjudicative authority over them. Moreover, Associated International has asserted a jury demand, and the remaining "*Orion*" factors weigh in favor of withdrawal of the reference as to Associated International. In that regard, because the claims asserted against Associated International depend on the resolution of the claims against LMI, and vice versa, the efficient use of resources requires that the claims against LMI and Associated International be handled in the same case.

Although the Court has addressed the joinder of certain other insurers in LMI's Motion, there has not yet been a ruling on Associated International's Joinder. Additionally, the expressed concern in connection with the other insurers' joinder, i.e. the potential for key differences from the LMI policies, is not at issue here. Because the Associated International Policy applies only after exhaustion of the LMI policies, and certain LMI policies apply only after the exhaustion of the Associated International Policy, if any, the claims against both entities are dependent on one another, and they, therefore, should be handled in the same action. Of note, LMI and the Diocese have noted in their recent joint letter to the Court that they will likely not oppose this relief.

As per the Court's Opinion and Order, attached hereto is a Statement of Relatedness to this action, along with a copy of Associated International's previously-filed Joinder. For the foregoing reasons, Associated International respectfully requests that this Court grant its Joinder in LMI's Motion, that the reference with regard to the claims against Associated International be withdrawn from the Adversary Proceeding, and that Associated International be added as a party to this action.

Respectfully submitted,

/s/ *Jillian G. Dennehy*

Jillian G. Dennehy

cc:   All parties via ECF

Encl.