

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**PETER P. MCNAMARA**
PARTNER
(516) 357-3045
peter.mcnamara@rivkin.com

September 27, 2021

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      **Re**:  *The Roman Catholic Diocese of Rockville Centre, N.Y. v. Certain Underwriters at Lloyds, London & Certain London Market Companies*, Case No. 1:21-cv-00071-JPC

Dear Judge Cronan:

We represent Interstate Fire & Casualty Company ("Interstate"), National Surety Corporation ("NSC"), and Fireman's Fund Insurance Company ("FFIC") (collectively, "IFC/NSC/FFIC") in connection with matters relating to Adversary Proceeding No. 20-01227-SCC, filed by The Roman Catholic Diocese of Rockville Centre, New York (the "Diocese") in the United States Bankruptcy Court for the Southern District of New York (the "Adversary Proceeding"). As directed by Your Honor at the September 20, 2021 Initial Pretrial Conference (*see* Minute Entry, dated September 21, 2021), IFC/NSC/FFIC submit this Letter Motion in support of withdrawal of the claims asserted against them in the Adversary Proceeding and its previously-filed joinder in the London Market Insurers' motion to withdraw the reference of the claims asserted in the Adversary Proceeding (the "LMI Motion"). The reasons that justify withdrawing the reference of the claims asserted against the London Market Insurers ("LMI")[1] apply equally to IFC/NSC/FFIC.

On September 3, 2021, the Court issued an Opinion and Order granting LMI's motion with respect to LMI. (ECF Doc. No. 50). However, the Court denied the motion as to IFC/NSC/FFIC on the grounds that their joinder to LMI's motion "fail[ed] to explain anything about the Fireman's Fund Insurance Company, Interstate Fire & Casualty Company, or National Surety Corporation insurance policies. And those policies may well differ in 'several key ways' from LMI's policies, which could affect the Court's analysis for

---

[1] The Court's Opinion & Order refers to LMI collectively as Certain Underwriters at Lloyd's, London subscribing various policies, including Ancon Insurance Co. (UK) Ltd., Assicurazioni Generali T.S., Dominion Insurance Co. Ltd., Excess Insurance Co. Ltd., London & Edinburgh General Insurance Co. Ltd., St. Katherine Insurance Co. Ltd., Terra Nova Insurance Co. Ltd., Turegum Insurance Co. Ltd., Unionamerica Insurance Co. Ltd., and Yasuda Fire & Marine (UK) Ltd. *See* Dkt. No. 50 at fn. 2.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

Honorable John P. Cronan
September 27, 2021
Page 2

whether the reference should be withdrawn as to those claims." (ECF Doc. No. 50, at 19). This Court further suggested that IFC/NSC/FFIC could file their own motions to withdraw the reference. *Id*.

To address the Court's question, please be advised that Interstate provided excess liability indemnity coverage above the Diocese's self-insured retention (SIR) and LMI's excess indemnity coverage. A copy of the Interstate policies are attached hereto as Exhibit A. Except as specifically stated in the policies (which concerns matters irrelevant to the subject motion), the Interstate policies "follow form" to, and incorporate the language of, the LMI policies. (Ex. A at pg. 1, Part I, 1.). The Debtor also has tendered claims to NSC and FFIC under certain higher-level excess policies they issued to it during the same time period. The NSC policies were issued for periods from December 1, 1982 to September 1, 1985, sit above the LMI and Interstate policies, and also "followed form" to the LMI policies in all relevant respects. The FFIC policies were issued for later periods, September 1, 1989 to September 1, 1993, but also sit above and follow form to LMI policies.

As such, for the reasons set forth in the Court's September 3, 2021 Opinion and Order, the Court should withdraw the reference of the Claims asserted against IFC/NSC/FFIC.

Specifically, the Court should withdraw the reference of the Claims for "cause" because (i) the Motion is timely[2]; (ii) the Claims are not within the Bankruptcy Court's core jurisdiction; (iii) the Bankruptcy Court does not have final adjudicative authority over the Claims; (iv) judicial economy favors immediate withdrawal; (v) uniformity in bankruptcy administration will not be impacted; (vi) it is the most economical use of the resources of the Roman Catholic Diocese of Rockville Centre, New York ("Diocese") and IFC/NSC/FFIC; (vii) the withdrawal request does not constitute forum shopping; (viii) withdrawal will expedite the bankruptcy process; and (ix) IFC/NSC/FFIC have made a jury demand and are entitled to a jury trial on all disputed factual issues.

The Claims are not within the Bankruptcy Court's core jurisdiction because they are state-law contract claims. Moreover, the Claims are outside the Bankruptcy Court's constitutional authority to adjudicate because they raise matters of private right.

Withdrawing the reference of the Claims would serve judicial economy. The Bankruptcy Court cannot enter a final order on the Claims. Thus, withdrawing the reference now will avoid the duplicative use of judicial resources, because only the District Court would be required to familiarize itself with the relevant facts and law. Withdrawal not will only conserve scarce judicial resources, it will conserve the Diocese's and IFC/NSC/FFIC's resources. Further, and most importantly, the relevant terms, conditions, and exclusions of the LMI policies and the policies issued by IFC/NSC/FFIC are the same. Thus, continuing to litigate those claims together would further serve and be in the best interests of judicial resources and prevent the parties from having to adjudicate those same policy terms in different courts.

---

[2] IFC/NSC/FFIC's original joinder was filed on the same day that they filed their Answer in the Adversary Proceeding. (Adv. Proc. Docket at #5 and #57).

RIVKIN RADLER LLP

Honorable John P. Cronan
September 27, 2021
Page 3

Considering the Court's ruling that reference should be withdrawn with regard to the Diocese's claims against LMI, the Court will or may need to make certain coverage determinations regarding the LMI policies. These determinations will, in turn, potentially affect not only LMI, but also IFC/NSC/FFIC, which are not currently a party to this action, despite issuing policies that sit above and follow form to the LMI Policies. If IFC/NSC/FFIC litigate their alleged coverage obligations under their policies in a separate action, there is a risk of inconsistent rulings. Moreover, judicial economy and efficiencies favor resolution of any coverage issues regarding the LMI policies and the IFC/NSC/FFIC policies in one forum, with all participants, as the litigated issues will concern the same policy terms, conditions and provisions.

Uniformity in the administration of the bankruptcy proceeding will not be disrupted, because withdrawing claims only affects the uniformity of bankruptcy administration when such claims raise questions of substantive bankruptcy law. The Claims exist under state law, not bankruptcy law.

Withdrawal of the reference would not constitute forum shopping. Courts have only found a motion to withdraw the reference to be forum shopping when the motion to withdraw followed an adverse decision in the Bankruptcy Court. There has been no such adverse decision.

Withdrawing the reference would allow the Bankruptcy Court to focus its attention on the administration of the bankruptcy case, which would expedite the bankruptcy process.

Lastly, IFC/NSC/FFIC are entitled to a jury trial on the Claims and have made a jury demand in their Answer.

Accordingly, IFC/NSC/FFIC respectfully request the Court grant their Motion and withdraw the reference of the claims asserted against them, at this time.

                    Respectfully submitted,

                    RIVKIN RADLER LLP

                    /s/ *Peter P. McNamara*
                    Peter P. McNamara

                    -and-

                    MOSS & BARNETT

                    /s/ *Charles E. Jones*
                    Charles E. Jones