**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>                    Plaintiff,<br><br>-v-<br><br>CERTAIN UNDERWRITERS AT LLOYDS, LONDON & CERTAIN LONDON MARKET COMPANIES and LEXINGTON INSURANCE COMPANY,<br><br>                    Defendants. | No. 1:21-cv-00071-JPC<br><br>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1.     All parties [**consent** [ ] **do not consent** [X]] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.     Settlement discussions [**have** [ ] /**have not** [X]] taken place. Pursuant to the *Order Appointing Mediator*, entered on October 20, 2021, by the Honorable Shelley C. Chapman, United States Bankruptcy Judge, the parties hereto (together with the other parties named in the adversary proceeding captioned *The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Co., et al.*, Adv. Pro. No. 20-01227 and the Official Committee of Unsecured Creditors) will engage in a mediation of Plaintiff's claims at a date to be determined by the parties thereto and the appointed mediator, Mr. Paul J. Van Osselaer (the "Mediation"). Within seven (7) days of the conclusion of the Mediation, the parties shall jointly submit to the Court a status letter advising whether the matter has been successfully resolved or whether further proceedings before the Court are necessary (the "Post-Mediation Status Letter"). In the event the matter has not been successfully resolved, the Post-Mediation Status Letter shall include a request for a conference with the Court to discuss any appropriate amendments to the Civil Case Management Plan and Scheduling Order in light of the results of the Mediation (the "Post-Mediation Status Conference"). The parties have been engaged in a Pre-Mediation Disclosure Process ("Pre-Mediation Disclosure").

    a.     The Diocese produced certain documents on September 7, 2021 and LMI asserted a number of deficiencies in the Diocese's initial voluntary production by letter dated October 7, 2021 (DOC 61-1). The Diocese uploaded additional documents as part of a rolling production on October 22-23, 2021, and LMI was able to access those additional documents on October 25, 2021. In addition, the Diocese responded to LMI's October 7 correspondence on October 25, 2021. Prior to the Mediation and Post-Mediation Status Conference the parties reserve all rights to bring any discovery or disclosure disputes related to any informal document request before the Court at any time.

    b.     Prior to the Mediation and Post-Mediation Status Conference any discovery or disclosure dispute to be presented to Judge Cronan will be done so via the following informal process: (i) the disputing party will send a letter to Chambers no later than three (3) business days after an unsuccessful meet and confer or by an agreed upon date, copying only parties to the dispute; (ii) the responding party shall have three (3) business days to respond; (iii) thereafter, the Court will schedule a date and time for an off-the-record session with the relevant parties to resolve the dispute. The letters will otherwise comply with 5.C of the Court's Individual Rules and Practices in Civil Cases. The parties waive no rights, remedies or defenses by engaging in the informal process. The Plaintiff reserves the right to assert that certain disclosure disputes are more appropriately resolved by the Bankruptcy Court, particularly those that arise from the Bankruptcy Court's Protective Order (Bankr. Dkt. No. 320) or Mediation Order (Bankr. Dkt. No. 794), such as redactions made by the Diocese. .

3.     The parties [**have** X    **have not** ] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4.     Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or to join additional parties shall be filed by not later than thirty (30) days following the Post-Mediation Status Conference.

5.     Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than fourteen (14) days following the entry of this Case Management Plan and Scheduling Order.

6.     Fact Discovery

    a.     All fact discovery shall be completed not later than one hundred twenty (120) days following the Post-Mediation Status Conference.

    b.     Initial requests for production of documents shall be served by not later than thirty (30) days following the Post-Mediation Status Conference.

    c.     Interrogatories shall be served by not later than thirty (30) days following the Post-Mediation Status Conference.

  d. Depositions shall be completed by not later than ninety (90) days following the Post-Mediation Status Conference.

    (i) With the exception of a records custodian of the Diocese to address deficiencies in the Diocese's document production as requested in the letter dated October 7, 2021 (DOC 61-1), or other agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    (ii) There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    (iii) Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  e. Requests to admit shall be served by not later than thirty (30) days following the Post-Mediation Status Conference.

  f. Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7. Expert Discovery

  a. All expert discovery, including expert depositions, shall be completed no later than forty-five (45) days following the completion of fact discovery.

  b. Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before fourteen (14) days after the completion of fact discovery.

  c. Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before twenty-eight (28) days after the completion of fact discovery.

  d. The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases.

9. Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices in Civil Cases.

10. All discovery must be completed by one hundred sixty-five (165) days following the Post-Mediation Status Conference.

11. All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery. If the parties believe that a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program would assist in these discussions, the parties should file a letter with the Court to that effect.

12. Unless otherwise ordered by the Court, within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a proposed Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

13. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

14. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order.

15. This case [is ☒ /is not ☐] to be tried to a jury.

16. Counsel for the parties have conferred and their best estimate of the length of trial is [eight (8) days].

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.
_____
_____
_____
_____

18.  Next Steps: [*To be completed by the Court*.]   Parties shall provide a joint status letter within seven days of completing mediation and having the Post-Mediation Status Conference.  The status letter must provide an update on the case and when mediation and the Post-Mediation Status Conference were completed.

☐  The next Case Management Conference is scheduled for _____ at _____.

☐  The parties shall submit a joint status letter to the Court no later than  _7 days after close of discovery_, advising the Court as to whether the parties request a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program, whether any party plans to file a post-discovery motion, the anticipated grounds for any such motion, and the opposing party's anticipated grounds for opposing the motion. In the event any party plans to file a post-discovery motion, the joint status letter will satisfy the Court's pre-motion letter requirement.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices in Civil Cases and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

*[signature]*

JOHN P. CRONAN
United States District Judge

Dated:  October 27, 2021
New York, New York

5