June 1, 2023

**By ECF**

Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:    The Roman Catholic Diocese of Rockville Centre, New York v.
        Certain Underwriters at Lloyds, London & Certain London Market
        Companies and Lexington Insurance Company Civil Action No.: 21 Civ. 71 (JPC) (SLC)**

Dear Magistrate Judge Cave:

Please accept this joint letter reporting on the status of discovery and proposing a schedule for the completion of any remaining discovery in response to this Court's Order of May 25, 2023 (Docket Item 121). This letter has been reviewed and approved by counsel for all parties.

The parties have not engaged in any formal discovery in this matter. Rather, the Diocese has made "voluntary disclosures" in connection with the mediation held in the Chapter 11 Bankruptcy Proceeding. These disclosures were subject to a Confidentiality and Protective Order that restricts the use of such material to the Chapter 11 Case and any associated adversary proceedings.[1] LMI have relied on the disclosed documents to evaluate and analyze liability and coverage for the sexual abuse claims. Since the disclosed documents have been designated confidential,[2] LMI's ability to use or rely on the disclosed documents in this coverage action is restricted. It is LMI's position that the disclosed documents must be made available to them for use in this adversary proceeding and to respond to any demands for coverage made by the Diocese, any non-Debtor Related Parties, or the Committee.[3] LMI have also raised concerns regarding the completeness of and certain privileges asserted in the Diocese's voluntary production.[4] Some of these concerns remain.  The Diocese takes the position that not all of the broad disclosures made in connection with the bankruptcy proceeding are relevant to this action, but to the extent LMI or Lexington needs to use some of those documents in this coverage action, that is simply a matter of addressing the use of particular documents LMI and Lexington already possess to ensure proper confidentiality.

On October 27, 2021, a Civil Case Management Plan and Scheduling Order was entered (Docket Item 70). The deadlines in the Scheduling Order were contingent on the conclusion of mediation. While the

---

[1] *In re Roman Cath. Diocese of Rockville Ctr., New York,* No. 20-12345 at ECF 874.
[2] *Id.* at pg. 6-7 (discussing "Confidential Material" and "Advisor's – Eyes Only Material.").
[3] Lexington agrees with LMI's characterization.
[4] Attached to the October 8, 2021 joint letter to this Court is an October 7, 2021 letter wherein LMI (1) outlined nine categories of documents they require and (2) highlighted issues related to the Diocese's disclosure of documents (Docket Item 61, Ex. A).

Magistrate Judge Sarah L. Cave
June 1, 2023
Page 2

mediation proceedings have not concluded, the parties agree that certain issues are ripe for decision and that discovery regarding these issues is warranted.

The Diocese filed an Amended Complaint (Docket Item 101), which Lexington (Docket Item 108) and LMI (Docket Item 109) answered. Count I of the Diocese's Amended Complaint sought a declaratory judgment against LMI. Count II sought a declaratory judgment against Lexington. Count III asserted breach of contract against LMI. In its prayer for relief, the Diocese sought (among other things) a declaratory judgment in favor of the Diocese declaring that:

(a) LMI owe a duty to pay or reimburse the Diocese for defense costs, judgments and/or settlements triggering LMI's Aggregate Excess Agreement.

(b) LMI owe a duty to pay or reimburse the Diocese for defense costs, judgments and/or settlements falling within LMI's Specific Excess Layer.

(c) The costs of defending claims in the Bankruptcy Case are covered defense costs under the Aggregate Excess Agreement and the Specific Excess Layer.

(d) LMI owe a duty to pay or reimburse the Diocese for its defense costs in the Underlying Lawsuits and in the defense of claims in the Bankruptcy Case as they are incurred, rather than awaiting the completion of the claim or suit, to the extent they are covered under either the Aggregate Excess Agreement or fall within the Specific Excess Layer.

(e) LMI owe a duty pay or reimburse the Diocese for its defense costs in Underlying Lawsuits and in the defense of claims in the Bankruptcy Case to the extent they are covered, regardless of whether those claims are dismissed or otherwise resolved without payment of settlements or judgments by the Diocese.

(f) Lexington owes a duty to pay or reimburse the Diocese for losses within its layer of coverage including but not limited to:

(i) defense costs incurred in the Underlying Lawsuits and in claims within the Bankruptcy Case to the extent they are covered by the insurance policy to which Lexington subscribed;

(ii) settlements or judgments in the Underlying Lawsuits and claims within the Bankruptcy Case to the extent they are covered by the insurance policy to which Lexington subscribed.

LMI and Lexington have denied the Diocese's allegations and requests for relief and refer the Court to the Defendants Amended Answer and Affirmative Defenses (Docket Items 108 and 109). While LMI have asserted many coverage defenses, LMI believes a critical preliminary defense is that the LMI Policies are excess indemnity policies and that LMI have no duty to defend or settle, only to indemnify covered Ultimate Net Loss, which is defined to include defense expenses and loss payments, after the underlying claim is resolved and coverage for that claim has been determined. *See Docket Item 109* at Fifth Affirmative Defense.

Upon consultation in the preparation of this joint letter, the parties agree that it would be helpful for the Court to phase the issues for litigation in this Adversary Proceeding. The parties have not agreed to the

Magistrate Judge Sarah L. Cave
June 1, 2023
Page 3

precise issues to be decided in Phase 1 but intend to continue working toward consensus.  The parties
suggest that document and deposition discovery required for these issues proceed first and that discovery
and litigation of other issues be fully reserved for later, with the deadlines below to flow from the date
on which the Phase 1 issues are agreed and submitted. The parties suggest written discovery be
propounded in 30 days, that written discovery be answered in 30 days, that any depositions be noticed
14 days after written discovery is completed, and that depositions be completed in 45 days (the "Phase 1
Discovery"). However, extensions may be granted should the parties require motion practice to resolve
discovery issues.

The parties also request that after completion of the Phase 1 Discovery, briefing take place on the issues
to be decided in Phase 1. The parties propose the following briefing schedule: i) the parties file their
respective opening briefs not exceeding 25 pages thirty days after the close of Phase 1 Discovery; (ii)
the parties file their respective responsive briefs not exceeding 25 pages thirty days after the filing of
opening briefs; and (iii) the parties file their respective reply briefs not exceeding 10 pages within
fourteen days after the filing of responsive briefs. All parties are permitted, but not required, to file
briefs.

The parties further request that all other claims and issues be held in abeyance for future phases of
litigation, absent further Order of the Court. However,  to the extent Claimants continue to pursue claims
against the Diocese and the Diocese continues to seek coverage, it is LMI and Lexington's position that
they should have access to all relevant claim information to evaluate legal liability and coverage issues.
LMI and Lexington reserve all rights to raise such disputes to the extent necessary.

Very truly yours,

/s/ *Timothy P. Law*
Timothy P. Law
Reed Smith LLP

/s/ *Catalina Sugayan*
Catalina Sugayan
Clyde & Co US LLP

/s/ *Nora A. Valenza-Frost*
Nora A. Valenza-Frost
Carlton Fields, PA