March 8, 2024

**By ECF**

Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   The Roman Catholic Diocese of Rockville Centre, New York v.
      Certain Underwriters at Lloyds, London & Certain London Market
      Companies and Lexington Insurance Company Civil Action No.: 21 Civ. 71 (AS) (SLC)

Dear Magistrate Judge Cave:

Please accept this joint letter from the Diocese and LMI in response to the Court's February 5, 2024 Order (ECF No. 146).

On June 15, 2023, the Court entered a Phase I Discovery order that identified four categories of fact discovery that the parties could pursue (ECF No. 128). Since that time, the parties have exchanged written and document discovery, and have taken depositions.

The February 5, 2024 Order directed the parties to file a joint letter certifying the completion of Phase I Discovery on March 8, 2024 (ECF No. 146). The parties hereby certify that Phase I Discovery is completed.

The parties believe they should move forward with dispositive motions on threshold issues.[1]

The Diocese believes the following threshold issue should be addressed. In the Diocese's Amended Complaint, the Diocese requested the following declaration: "LMI owe a duty to pay or reimburse the Diocese for its defense costs in the Underlying Lawsuits and in the defense of claims in the Bankruptcy Case as they are incurred, rather than awaiting the completion of the claim or suit, to the extent they are covered under either the Aggregate Excess agreement or fall within the Specific Excess Layer."

LMI believe the following threshold issues should be addressed: (a) whether LMI have a duty to defend and (b) whether LMI have a duty to reimburse the Diocese for defense costs as incurred. LMI intend to rely on the following Affirmative Defenses in addressing these issues: Fifth Affirmative Defense (No Obligation to Indemnify Until After Conclusion of the Claim and After a Determination that the Claim is Covered); Seventh Affirmative Defense (Indemnity Only for Liability Imposed Upon the Assured by Law); Eighth Affirmative Defense (No Coverage Based on Late Notice); Ninth Affirmative Defense (No

---

[1] The parties reserve all rights to raise additional arguments or issues in future Phases of this litigation.

Magistrate Judge Sarah L. Cave
Page 2

Coverage Based on Failure to Cooperate); Tenth Affirmative Defense (Failure to Utilize Service Organization); and Twelfth Affirmative Defense (27 Month Provision). *See* (ECF No. 109).

The Diocese believes that a motion by LMI on the duty to defend is unnecessary because the Diocese does not contend that the LMI Policies obligate LMI to assume the defense of the Underlying Lawsuits. The Diocese understands that LMI do not intend to move for summary judgment with respect to their Seventh, Eighth, Ninth, Tenth or Twelfth Affirmative Defenses. It is LMI's position that the Diocese's purported understanding of LMI's intention with respect to a summary judgment motion is incorrect. LMI do not waive their right to move for summary judgment on their Seventh, Eighth, Ninth, Tenth, and Twelfth Affirmative Defenses to the extent those defenses relate to the threshold issues of "whether LMI have a duty to defend" or "whether LMI have a duty to reimburse the Diocese for defense costs as incurred."

The Court's February 5, 2024 Order scheduled a telephone conference for March 12, 2024. It is LMI's position that a briefing schedule should be entered at the March 12, 2024 conference.

LMI note that in a joint letter to the Court dated June 1, 2023 (ECF No. 122), the parties proposed a briefing schedule where (i) the parties file their respective opening briefs not exceeding 25 pages; (ii) the parties file their respective responsive briefs not exceeding 25 pages thirty days after the filing of opening briefs; and (iii) the parties file their respective reply briefs not exceeding 10 pages within fourteen days after the filing of responsive briefs. LMI would support a briefing schedule along these lines beginning 30 days after the March 12, 2024 hearing.

We look forward to further addressing these issues with the Court at the March 12, 2024 conference.


Very truly yours,

/s/ *John Berringer*
John Berringer
Reed Smith LLP

/s/ *James J. Moffitt*
James J. Moffitt
Clyde & Co US LLP